UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JOEL ALFONSO QUINTANILLA,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil File No. 01-738 (JRT/AJB)

**REPORT AND RECOMMENDATION**

The above-entitled matter is before the undersigned Magistrate Judge of the District Court on the petition of Joel Alfonso Quintanilla for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent has filed a return, contending that the petition should be denied. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it will be recommended that Petitioner's application for habeas corpus relief be denied, and that this action be dismissed with prejudice.

**I. BACKGROUND**

In July 1996, an indictment was filed in the U.S. District Court for the Southern District of Iowa, charging Petitioner with three counts of illegally possessing and distributing methamphetamine. Petitioner later entered into a plea agreement, by which he pled guilty to the second offense charged in the indictment. The first and third charged offenses were dismissed under the terms of the plea agreement. The count to which Petitioner pled guilty charged that he "did knowingly and intentionally distribute methamphetamine, a Schedule II controlled substance," in violation of 21 U.S.C. 841(a)(1).

FILED OCT 09 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The indictment in Petitioner's case did not mention any specific quantity of methamphetamine. Petitioner's plea agreement also did not specify the amount of the methamphetamine involved in the offense to which he was pleading guilty, because Petitioner and the government could not agree on the correct amount.

At sentencing, in November 1996, the trial court judge found that Petitioner's offense involved 400 grams of a mixture that contained 118.46 grams of pure methamphetamine. Applying the federal sentencing guidelines, the judge sentenced Petitioner to 120 months in federal prison, to be followed by 5 years of supervised release.

Petitioner did not file a direct appeal after sentencing. He did, however, challenge his sentence in a motion brought under 28 U.S.C. § 2255. In his § 2255 motion, Petitioner argued that (1) he had received ineffective assistance of counsel at sentencing, and (2) he had been denied due process, because the government did not disclose certain information pertaining to the drug analysis that was used in connection with his sentencing. The trial court denied Petitioner's § 2255 motion on March 16, 1998. Petitioner requested a certificate of appealability so he could appeal the trial court's ruling, (see 28 U.S.C. § 2253), but that request also was denied.

On April 30, 2001, Petitioner filed his present application for habeas corpus relief under 28 U.S.C. § 2241.[1] He is challenging, once again, the sentence imposed by the trial court. This time his claims are based primarily on the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

---

[1] Petitioner's § 2241 petition was properly filed in this District because he was (and apparently still is) incarcerated at the Federal Correctional Institution in Waseca, Minnesota.

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added). In other words, a jury, rather than a judge alone, must make the factual determinations (beyond a reasonable doubt) on any issue, other than the existence of prior convictions, which causes a defendant to receive a sentence greater than the statutory maximum for the charged offense.

Our Court of Appeals has recognized that the rule announced in Apprendi can be applicable to federal drug cases brought under 21 U.S.C. § 841, such as Petitioner's. See e.g., United States v. Aguayo-Delgado, 220 F.3d 926, 933-34 (8th Cir.), cert. denied, 531 U.S. 1026 (2000). If the government seeks a conviction and sentence for an offense involving a specific type and quantity of a controlled substance, then the indictment must charge, and the jury must find, all of the essential elements of the crime -- including the quantity of the controlled substance at issue. As explained in United States v. Moss, 252 F.3d 993, 996 (8th Cir. 2001), "in the context of § 841's quantity-dependent sentencing scheme... Apprendi prohibits the government from seeking to impose a sentence in excess of § 841(b)(1)(C)'s 20-year maximum sentence unless drug quantity is both alleged in the indictment and found beyond a reasonable doubt by a jury."[2]

---

[2] Defendants can be convicted and sentenced under §§ 841(b)(1)(A) or 841(b)(1)(B) only if their crimes involved certain specified quantities of the controlled substances listed in those statutes. The maximum sentence for a defendant convicted under either of those two parts of the statute can exceed twenty years. Subsection 841(b)(1)(C), on the other hand, does not mention any minimum drug quantities. However, a sentence imposed for a § 841(b)(1)(C) violation – involving an indeterminate quantity of drugs – is capped at a 20-year maximum, (unless the defendant has a prior felony

Petitioner claims that his conviction and sentence should be set aside, pursuant to Apprendi, because his indictment did not specify the amount of methamphetamine allegedly involved in the charged offenses, and because the trial court judge alone determined how much methamphetamine was actually involved in the offense for which he was sentenced. He also claims that he was denied effective assistance of counsel.

## II. DISCUSSION

### A. Claims Based On Pre-Apprendi Law

Although Petitioner's current claims are based primarily on Apprendi, his petition also includes numerous references to cases and legal principles that pre-date Apprendi. To the extent that Petitioner is seeking relief based on pre-Apprendi law, his habeas corpus claims are barred by the fifth paragraph of 28 U.S.C. § 2255, which provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255; see

---

conviction, or a death or serious injury resulted from the use of the drugs involved in the offense).

also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam). In this case, Petitioner obviously is challenging his sentence, and he is therefore cannot seek habeas corpus relief, under § 2241 or otherwise, unless he can show that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his sentence.

Petitioner may believe that § 2255 has become an inadequate or ineffective remedy because he can no longer seek relief under that statute. It is indeed true that Petitioner is presently precluded from seeking relief under § 2255 because (a) he has already sought relief under that statute, and he cannot do so again without pre-authorization from the Eighth Circuit Court of Appeals, (see 28 U.S.C. § 2255 [8th paragraph]), and (b) any motion that he might now bring under § 2255 would be barred by the one-year statute of limitations applicable to such motions, (see 28 U.S.C. § 2255 [6th paragraph]). This does not mean, however, that § 2255 has become an inadequate or ineffective remedy and Petitioner can therefore challenge his sentence in a § 2241 habeas corpus petition. Our Court of Appeals has held that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted).[3]

---

[3] The rationale for Lurie's holding is obvious. The procedural rules limiting the availability of § 2255 relief would be rendered meaningless if any prisoner whose claims were barred by such rules could simply argue that the remedy provided by § 2255 had become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus action.

A federal prisoner can challenge his conviction or sentence in a § 2241 habeas petition "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Applying this rule here, the Court finds that, to the extent Petitioner's claims are based on cases and legal principles that pre-date Apprendi, he is not eligible for habeas corpus relief under 28 U.S.C. § 2241. He had a reasonable opportunity to raise his pre-Apprendi claims in his earlier § 2255 motion. He cannot claim that § 2255 is an "inadequate or ineffective" remedy for those claims, simply because he is now procedurally barred from raising them in a § 2255 motion. Therefore, to the extent that Petitioner is presently seeking relief on the basis of legal principles established before Apprendi, his claims are barred by § 2255's exclusive remedy rule. Those claims cannot properly be considered in the present § 2241 habeas corpus proceeding.

B. Claims Based On Apprendi

To the extent that Petitioner's claims are based directly on Apprendi, it is at least arguable that § 2255 should be viewed as an inadequate or ineffective remedy. The Apprendi decision did effect a change in the law, and Petitioner had no opportunity to seek § 2255 relief based on Apprendi. By the time Apprendi was decided, (on June 26, 2000), the deadline for filing a direct appeal had passed, and Petitioner was already barred from seeking § 2255 relief because of both the one-year statute of limitations, and the rule barring successive § 2255 motions. See 28 U.S.C. § 2255 [6th paragraph and 8th paragraph]. Thus, Petitioner had no chance to raise any Apprendi-based claims either by

direct appeal or in a § 2255 motion to the trial court.

However, even if the remedy provided by § 2255 is deemed to be inadequate or ineffective for Petitioner's Apprendi claims, and such claims can therefore properly be raised and adjudicated in the present § 2241 habeas proceeding, Petitioner still is not entitled to any relief in this case. Petitioner's claims based on Apprendi must be dismissed for two reasons: first, Apprendi is not retroactively applicable to Petitioner's case, and second, Petitioner simply does not have a valid Apprendi claim in any event.

**(i) Apprendi is not retroactively applicable**

As a general rule, new constitutional rules of criminal procedure announced by the Supreme Court are not applicable to other cases that have already become final on direct appeal (or by expiration of the deadline for taking a direct appeal). Teague v. Lane, 489 U.S. 288, 310 (1989) ("[u]nless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced"). This means that a new constitutional rule, such as the one announced in Apprendi, cannot support a collateral challenge to a conviction or sentence, except in rare situations where the new ruling is specifically held to be retroactively applicable.

In this case, Petitioner's convictions and sentence became final in late 1996, when the deadline for filing a direct appeal expired. (See Fed. R. App. P. 4(b).) Apprendi was not decided until several years later, on June 26, 2000. Therefore, Petitioner cannot rely on Apprendi to support a collateral challenge to his sentence, unless Apprendi is retroactively applicable.

Before the Eighth Circuit's decision in United States v. Moss, supra, it could reasonably be argued that Apprendi is retroactively applicable, and that Apprendi claims can properly be raised on collateral review. See United States v. Nicholson, 231 F.3d 445, 454, n. 1 (8th Cir. 2000) (noting that whether Apprendi is or is not retroactively applicable "remains an open question in this Circuit"), cert. denied, 121 S.Ct. 1244 (2001); see also United States v. Murphy, 109 F.Supp.2d 1059, 1063-64 (D.Minn. 2000) (concluding that Apprendi does establish a new rule of constitutional law that is retroactively applicable and can properly be raised on collateral review). In Moss, however, our Court of Appeals foreclosed that argument by holding, definitively, that Apprendi is not retroactively applicable.[4]

Following an exhaustive analysis and application of the retroactivity principles set forth in Teague v. Lane, our Court of Appeals concluded in Moss that Apprendi is not retroactively applicable, because it did not announce a "watershed rule of criminal procedure." Moss, 252 F.3d at 998. The Court of Appeals expressed its ruling in simple and unequivocal terms: "Teague bars petitioners from raising Apprendi claims on collateral review." Id. at 997. See also Jarrett v. United States, No. 00-3213 (8th Cir. Oct. 2, 2001), 2001 WL 1155003 at * 1 (acknowledging Moss's holding that "Apprendi was not

---

[4] In a Report and Recommendation filed in Henry Lo Carter v. United States of America, Civil No. 00-2704 (DSD/AJB), this Court determined that Apprendi could be applied retroactively. (A copy of that Report and Recommendation is included in Respondent's "Exhibits A - P," [Docket No. 9], as Exhibit P.) That determination was based solely on United States v. Murphy, a pre-Moss case that had been decided by the same district court judge who was presiding in the Henry Lo Carter case. Moss indicates that the retroactivity issue was resolved incorrectly in Murphy, and, concomitantly, in Henry Lo Carter. Moss now constitutes binding precedent for the district courts in the Eighth Circuit, and it must be followed here.

a decision of such 'watershed magnitude' that it would apply retroactively on collateral review"). Because Apprendi is not retroactively applicable, Petitioner's Apprendi-based claims cannot be entertained in the present habeas corpus proceeding.[5]

**(ii) Petitioner has no valid Apprendi claim**

Petitioner should not leave this Court thinking that his conviction and sentence would have been vacated if only Moss had been decided differently. (Nor should Petitioner mistakenly believe that he could renew his Apprendi claims if Moss is ever discredited by some future opinion by the Eighth Circuit or the Supreme Court.) Although the merits of Petitioner's Apprendi claim need not be formally adjudicated here, (because Apprendi is not retroactively applicable), it should be noted that, in fact, Petitioner has no valid Apprendi claim in any event.

A prisoner convicted under 21 U.S.C. § 841 does not have an actionable Apprendi claim unless his sentence has been increased, beyond the statutory maximum for an indeterminate amount of a controlled substance, based on a drug-quantity determination made by a judge, rather than a jury. Even after Apprendi, "[t]he use of a judicially

---

[5] The Court of Appeals also held in Moss that even if Apprendi claims were not "Teague barred," such claims would still be subject to the federal courts' longstanding rules pertaining to procedural defaults. Thus, an Apprendi claim that is raised for the first time in a post-conviction proceeding, (i.e., a § 2255 motion or a habeas corpus petition), will not be addressed on the merits "unless a petitioner can demonstrate (1) cause for the default and actual prejudice, or (2) actual innocence." Moss, 252 F.3d at 1001. Moreover, the fact that a prisoner's direct appeal was fully completed before Apprendi was even decided, (as is the case here), does not constitute sufficient "cause" to overcome a prisoner's procedural default. Id. at 1003. Here, Petitioner has made no effort to satisfy the cause and prejudice standard or the actual innocence standard. Therefore, according to Moss, Petitioner's Apprendi claim cannot be raised in the present habeas corpus proceedings not only because Apprendi is not retroactively applicable, but also because the claim is barred by the doctrine of procedural default.

determined drug quantity as a basis for sentencing is permissible, ... so long as the defendant's sentence does not exceed the statutory maximum sentence available for an indeterminate amount of the drug." United States v. Caldwell, 255 F.3d 532, 533 (8th Cir. 2001) (per curiam), citing Aguayo-Delgado, 220 F.3d at 933-34. See also United States v. Hartje, 251 F.3d 771, 776 (8th Cir. 2001) ("[s]o long as the imposed sentence does not exceed the statutory maximum allowable for the crime, Apprendi is not implicated"). The statutory maximum sentence for an indeterminate amount of methamphetamine -- the controlled substance at issue in Petitioner's case – is 20 years. 21 U.S.C. § 841(b)(1)(C). (See footnote 2, supra.) Because Petitioner's sentence of 120 months is far less than the 20-year statutory maximum sentence for a § 841 offense involving an indeterminate amount of methamphetamine, he would not be entitled to habeas corpus relief on his Apprendi claim, even if Apprendi were retroactively applicable.

There are two final matters pertaining to the merits of Petitioner's claims that warrant brief mention. First, to the extent that Petitioner is challenging the adequacy of the indictment in his case, his claims fail because he was not convicted of any crime for which he was not adequately indicted. Petitioner was not convicted or sentenced under 21 U.S.C. § 841(b)(1)(A) or § 841(b)(1)(B), which are applicable only when specified minimum drug quantities are involved in the offense. The indictment in Petitioner's case charged him with violating 21 U.S.C. § 841(a)(1) for knowingly and intentionally distributing an unspecified amount of methamphetamine, and that is the offense to which he pled guilty, and for which he was convicted and sentenced. Our Court of Appeals has expressly held that "sentences 'within the statutory range authorized by § 841(b)(1)(C) without

reference to drug quantity are permissible under Apprendi... even where the drug quantity was not charged in the indictment or found by a jury.'" United States v. Pollard, 249 F.3d 738, 739 (8th Cir. 2001) (per curiam), pet. for cert. filed Sept. 10, 2001 (No. 01-6244), quoting Aguayo-Delgado, 220 F.3d at 934, (emphasis added). See also United States v. Bradford, 246 F.3d 1107, 1113 (8th Cir. 2001) (no Apprendi violation occurs when an indictment fails to specify the quantity of drugs involved in the charged offense, unless the defendant's sentence exceeds the statutory maximum provided by § 841(b)(1)(C)). In Petitioner's case, there was no Apprendi infraction, even though the indictment did not specify the quantity of drugs involved in the charged offenses, because the sentence Petitioner received did not exceed the statutory maximum for § 841(a) drug crimes involving an unspecified quantity of methamphetamine.

The other final point that should be mentioned is that Petitioner cannot sustain an ineffective assistance of counsel claim based on his attorney's alleged failure to raise an Apprendi-type claim.[6] To sustain an ineffective assistance claim, a prisoner must show that (1) his attorney did not furnish reasonably competent legal representation, and (2) there is a reasonable probability that the outcome of his case would have been different if not for his attorney's mistakes. Strickland v. Washington, 466 U.S. 668 (1984). Because Petitioner has no viable Apprendi claim, (for the reasons discussed above), his attorney

---

[6] Petitioner's trial counsel obviously could not have raised a claim based on Apprendi itself, because Apprendi was not decided until several years after Petitioner's criminal case was closed. Petitioner can only argue that if his attorney had been reasonably competent he would have anticipated the Supreme Court's decision in Apprendi, and would have raised the same type of argument that was eventually accepted by the Supreme Court in Apprendi.

cannot be faulted for failing to raise such a claim; nor can Petitioner show that his case probably would have had a different outcome if his attorney had presented an Apprendi-type claim to the trial court.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Docket No. 1), be DENIED; and

2. This action ~~be~~ DISMISSED WITH PREJUDICE.

Dated: October 9th, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.