**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

JOEL ALFONSO QUINTANILLA,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 01-738 (JRT/AJB)

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Joel Alfonso Quintanilla, #05124-030, Federal Correctional Institution, Box 1500, Waseca, Minnesota, 56093-0741, *pro se.*

Lisa A. Biersay, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN, 55415, for respondent.

Petitioner Joel Alfonso Quintanilla, a federal prisoner currently incarcerated at the Federal Correctional Facility in Waseca, Minnesota, has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. In a report and recommendation dated October 9, 2001, United States Magistrate Judge Arthur J. Boylan recommended that petitioner's application for habeas corpus relief be denied and that this action be dismissed with prejudice.

This matter is before the Court on petitioner's objections to the report and recommendation. The Court has conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. L.R. 72.1(c)(2). For the reasons set

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

forth below, the Court agrees with the Magistrate Judge that even if petitioner's *Apprendi* claim is properly raised under § 2241, his claim is foreclosed by the recent Eighth Circuit decision in *United States v. Moss*, 252 F.3d 993, 997 (8th Cir. 2001). Accordingly, the Court adopts the report and recommendation of the Magistrate Judge and denies petitioner's application for writ of habeas corpus under § 2241.

## BACKGROUND

Pursuant to a plea agreement, petitioner pled guilty to knowingly and intentionally distributing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).[1] At sentencing, the trial court judge found that the offense involved 400 grams of a mixture that contained 118.46 grams of pure methamphetamine and accordingly sentenced petitioner to a term of 120 months imprisonment to be followed by five years of supervised release.

Petitioner did not appeal his conviction or sentence. He did, however, bring a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, claiming that 1) he had received ineffective assistance of counsel at sentencing; and 2) he was denied due process because the government failed to disclose certain information concerning the drug analysis that was used in connection with his sentencing. The trial court denied this motion on March 16, 1998 and also denied petitioner's request for a certificate of appealability.

---

[1] The indictment filed in the United States District Court for the Southern District of Iowa charged petitioner with three counts of illegally possessing and distributing methamphetamine but the first and third charged offenses were dismissed under the terms of the plea agreement.

On April 30, 2001, petitioner filed the present application for habeas corpus relief under 28 U.S.C. § 2241 and this matter was referred to the Magistrate Judge for a report and recommendation. In his report and recommendation, the Magistrate Judge concluded that even assuming that petitioner's current *Apprendi* challenge could be properly raised in a § 2241 habeas proceeding,[2] petitioner's claims based on *Apprendi* must be dismissed because *Apprendi* is not retroactively applicable on collateral review and even if it was, petitioner simply does not have a valid *Apprendi* claim.

**ANALYSIS**

In *Apprendi v. New Jersey*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). The Eighth Circuit subsequently held that the rule announced in *Apprendi* applies to federal drug cases brought under 21 U.S.C. § 841, as is the case here. *United States v. Aguayo-Delgado*, 220 F.3d 926, 933-34 (8th Cir. 2000) ("[I]f the government wishes to seek penalties in excess of those applicable by virtue of the elements of the offense alone, then the government must charge the facts giving rise to the increased sentence in the indictment, and must prove those facts to the jury beyond a reasonable doubt.").

---

[2] The Magistrate Judge correctly noted that a federal prisoner's challenge of his conviction or sentence must be brought under § 2255, not § 2241, unless the petitioner can affirmatively demonstrate that the remedy provided in § 2255 "is inadequate or ineffective to test the legality of his detention." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000); *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (a federal prisoner can challenge his sentence in a § 2241 habeas proceeding "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first § 2255 motion."). In his report and recommendation, the Magistrate Judge noted, without deciding, that it was at least arguable that § 2255 should be viewed as an inadequate and ineffective remedy with respect to petitioner's *Apprendi*-based claims.

Following these decisions, courts began to grapple with the question whether *Apprendi* claims apply retroactively to cases on collateral review. As the Magistrate Judge noted, until recently, it could be reasonably argued that this question should be answered in the affirmative. *United States v. Nicholson*, 231 F.3d 445, 454, n.1 (8th Cir. 2000) (noting that whether *Apprendi* is or is not retroactively applicable "remains an open question in this Circuit"); *United States v. Murphy* , 109 F. Supp. 2d 1059, 1063-64 (D. Minn. 2000) (concluding that *Apprendi* claims are retroactively applicable and can properly be raised on collateral review).

However, on July 11, 2001, the Eighth Circuit joined the Ninth and Fourth Circuits as well as the majority of district courts by holding that an *Apprendi* challenge is not retroactively applicable on collateral review. *United States v. Moss*, 252 F.3d 993, 997 (8th Cir. 2001) ("[W]e hold today that *Apprendi* is not of watershed magnitude and that *Teague* bars petitioners from raising *Apprendi* claims on collateral review."). *Moss* is now the binding precedent in this Circuit. *Dukes v. United States*, 255 F.3d 912, 913-14 (8th Cir. 2001) (*reh'g en banc denied* Oct. 12, 2001) (*Moss* prohibits consideration of the merits of *Dukes'* claim); *Jarrett v. United States,* 266 F.3d 789, 791 (8th Cir. 2001) ("While *Moss* was a product of a divided court, we are bound by its holding."); *Murphy v. United States*, Nos. 01-1291, 01-1415, 2001 WL 1203219 at *1 (8th Cir. Oct. 12, 2001) (reversing the district court's holding that *Apprendi* applies retroactively on collateral review in light of *Moss*).

In his objections, Quintanilla argues that *Moss* was wrongly decided. To support this argument, he emphasizes that several justices of the Supreme Court in *Apprendi* spoke of the decision as a "watershed change," thus intimating that *Apprendi* could fall within one of the narrow exceptions recognized in *Teague v. Lane*, 489 U.S. 288, 312

(1989). Petitioner raises an interesting argument.[3] However, absent a different ruling from the Eighth Circuit on a rehearing en banc or contrary word from the Supreme Court, this Court is bound by *Moss.* The Court thus concludes, as did the Magistrate Judge, that because *Apprendi* is not retroactively applicable on collateral review, petitioner's *Apprendi* challenge cannot be entertained in the present habeas corpus proceeding. Accordingly, petitioner's application for habeas relief under § 2241 is denied.

## ORDER

Based on the foregoing, the submission of the parties, and all of the files, records, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 13] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 12]. **IT IS HEREBY ORDERED** that Petitioner's petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Docket No. 1] is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: Dec. 19, 2001
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

[3] The Eighth Circuit recently made the same observation in *Jarrett.* 266 F.3d at 791, n.1 ("Interestingly, Justice O'Connor, joined by three other Justices in *Apprendi*, did speak of the case as a 'watershed change.'") (quoting *Apprendi*, 530 U.S. at 524) (O'Connor, J., dissenting)). However, the Eighth Circuit noted in that same footnote that "more recently the [Supreme] Court has emphasized that even those newly acknowledged constitutional errors that are 'structural' in nature, or that relate to 'fundamental requirements of due process,' may still fall short of the 'watershed' status contemplated in *Teague*." *Id.* (discussing *Tyler v. Cain,* 121 S. Ct. 2478, 2484, n.7 (2001)).